# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1361V

| | |
|---|---|
| RAVITEJA BODEPUDI,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 28, 2025 |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Katherine C. Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 13, 2020, Raviteja Bodepudi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccination on October 21, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 4, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On April 25, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $50,778.78, representing $50,000.00 in pain and suffering damages and $778.78 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $50,778.78, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RAVITEJA BODEPUDI,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 20-1361V<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.     Procedural History**

On December 13, 2020, Raviteja Bodepudi ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that, as a result of receiving an influenza vaccine on October 21, 2019, he suffered from a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *See* Petition. On May 11, 2022, respondent filed his Vaccine Rule 4(c) report, recommending that compensation be denied. ECF No. 20. Petitioner filed a Motion for Ruling on the Record, respondent responded, and petitioner replied. ECF Nos. 26, 28, 29.

On March 4, 2025, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury. ECF No. 34. Respondent now proffers that petitioner should be awarded the compensation described below.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

II.   **Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $50,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.  Past Unreimburseable Expenses

Evidence supplied by petitioner documents that he incurred past unreimburseable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimburseable expenses in the amount of $778.78. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

III.  **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:

A lump sum payment of **$50,778.78** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.[3] Petitioner agrees.

---

[2] The parties have no objection to the amount of the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's March 4, 2025 entitlement decision.

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/Katherine C. Esposito
Katherine C. Esposito
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 305-3774
katherine.esposito@usdoj.gov

Dated: April 25, 2025

3