# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1361V

| | |
|---|---|
| RAVITEJA BODEPUDI,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 24, 2025 |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 13, 2020, Raviteja Bodepudi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccine he received on October 21, 2019. Petition, ECF No. 1. On March 4, 2025, I issued a ruling finding Petitioner entitled to compensation,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

following briefing by the parties. ECF No. 34. On April 28, 2025, I issued a decision awarding damages based on the Respondent's proffer. ECF No. 39.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $36,936.79 (representing $35,057.80 in fees plus $1,878.99 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 10, 2025, ECF No. 44. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 44 at 2.

Respondent reacted to the motion on July 11, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. However, Respondent considers the amount requested by the petitioner to be excessive and respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 45. On July 21, 2025, Petitioner filed a reply requesting that the amount of fees and costs listed in Petitioner's motion be awarded. ECF No. 46.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and are hereby awarded herein.

I also note this case required additional separate briefing regarding entitlement. *See* Petitioner's Brief for Ruling on Record, filed June 12, 2023, ECF No. 26; Petitioner's Reply to Respondent's Response to Brief for Ruling on the Record, filed Sept. 8, 2023, ECF No. 29; Petitioner's counsel expended approximately 16.5 hours drafting the entitlement brief and 8.5 hours drafting the responsive brief, for a combined total of 25 hours. ECF No. 44-1 at 7-8. I find this time to have been reasonably incurred.

Petitioner has provided supporting documentation for all claimed costs. ECF No. 44-2 at 2-9. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $36,936.79 (representing $35,057.80 in fees plus $1878.99 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix

2

B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.